UNITED STATES BANKRUPTCY COURT  **NOT FOR PUBLICATION**
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                                                              Chapter 11

DELAFIELD 246 CORP.,                                              Case No. 05-13634 (ALG)

                                  Debtor.

-------------------------------------------------------------------x
DELAFIELD 246 CORP.,

                                  Plaintiff,

         -against-                                                        Adv. Proc. No. 05-01834 (ALG)

THE CITY OF NEW YORK, *et al.*,

                                  Defendants.

-------------------------------------------------------------------x

**MEMORANDUM OF OPINION**

A P P E A R A N C E S:

LAW OFFICE OF DAVID CARLEBACH, ESQ.
Counsel for Debra MacFarlane
 By:    David Carlebach, Esq.
40 Exchange Place
New York, NY 10005

LAW OFFICE OF STEVEN COHN, P.C.
Counsel for Delafield 246 Corp.
  By:   Daniel A. Zimmerman, Esq.
One Old Country Road
Suite 420
Carle Place, New York 11514

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

Background

The plaintiff, Delafield 246 Corp. ("Plaintiff"), has owned property in Riverdale, New York since 1991. Debra MacFarlane, a defendant in the above-captioned adversary proceeding ("Defendant"), purchased a lot and the improvements thereon from Plaintiff's predecessor on October 5, 1987. The property was part of a development and Defendant apparently became a member of the Delafield Estates Homeowners Association, Inc. (the "Homeowners Association"). On August 30, 1994, Defendant filed a Chapter 7 petition in bankruptcy, and on January 20, 1995, the Chapter 7 trustee filed a report indicating that there were no assets available for creditors and that there was no objection to her receipt of a discharge. On June 15, 1995, Defendant received her discharge and the case was closed on June 26, 1995. A mortgage on Defendant's property survived the Chapter 7 proceeding, and Defendant continued to live in the property at least until September 9, 1999, when the property was sold at a foreclosure sale.

Defendant listed the City of New York (the "City") on her Schedules of Assets and Liabilities as a possible creditor, but she did not list Plaintiff.

Plaintiff filed its own Chapter 11 case in the Eastern District of New York on November 29, 2004. That case was transferred to this Court on May 13, 2005.

Plaintiff's Dispute with Defendant

Since 1991, when the Plaintiff purchased the Delafield development, it has been embroiled in disputes with the City, the Homeowners Association, and certain individual homeowners in the development (the "Individual Homeowners") regarding taxes and

2

other charges relating to the development. Some of these disputes are detailed in this Court's opinion dated April 25, 2007 and reported at 2007 WL 1225500 (Bankr. S.D.N.Y.), describing the instant adversary proceeding and various State court lawsuits. The above-captioned adversary proceeding was commenced in this Court on May 26, 2005, against the Homeowners Association, the City, and certain Individual Homeowners, including Defendant.[1] As relevant herein, Plaintiff seeks to impose on the Individual Homeowners some of the taxes that it has paid or may be compelled to pay to the City. In its First Amended Omnibus Complaint, dated January 6, 2006 (the "Complaint"), Plaintiff argues, among other things, that the City's Department of Finance did not properly assess the Plaintiff's property or the property of the Individual Homeowners and that, as a result, the lots owned by the Plaintiff were over-assessed, while other lots (including the one owned by Defendant) received a windfall. It seeks indemnity from certain of the defendants for certain tax liabilities.

Defendant has moved to dismiss the Complaint against her.

Analysis

Effect of a No Asset, No Distribution Chapter 7 Case

Defendant argues that any debt that she may have owed to Plaintiff was discharged under § 727(b) of the Bankruptcy Code in her 1994 Chapter 7 case. Section 727(b) provides:

> Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any

---

[1] The adversary proceeding, initially filed in the Eastern District of New York, makes many of the same allegations against the Homeowners Association and the Individual Homeowners that were already the subject of a State court litigation commenced in 1995 in Bronx County. The Plaintiff removed that case to this Court on July 12, 2005 and, as discussed below, that proceeding has been pending in this Court since then but the adversary proceeding, rather than that case, has been prosecuted by the Plaintiff.

3

> liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

Plaintiff responds that Defendant failed to list it as a creditor, citing § 523(a)(3) of the Bankruptcy Code, which provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt --
> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit--
> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request . . . .

Section 523(a)(3) seeks to protect the rights of an unlisted creditor from having its debts discharged by a debtor without having had notice of the case. *See In re Cruz*, 254 B.R. 801, 807 (Bankr. S.D.N.Y. 2000).

Notwithstanding § 523(a)(3), it is well accepted that the failure to give notice to a creditor will be disregarded in a Chapter 7 no asset case and that in such cases failure to schedule a prepetition debt will not preclude the discharge of that debt. This rule has been adopted by Circuit Court decisions in the Third, Sixth, Ninth, and Tenth Circuits. *See Judd v. Wolfe*, 78 F.3d 110, 116 (3d Cir. 1996); *Zirnhelt v. Madaj (In re Madaj)*, 149 F.3d 467, 472 (6th Cir. 1998); *Beezley v. California Land Title Co. (In re Beezley)*, 994 F.2d 1433 (9th Cir. 1993). Although the Second Circuit has apparently not spoken, this Court, in *In re Cruz*, 254 B.R. at 810, similarly adopted the so-called "mechanical

4

approach" and held that failure to schedule a prepetition debt in a Chapter 7 no asset case has no impact on the dischargability of the debt and thus that § 523(a)(3) is inapplicable in such circumstances. The Court accepts the reasoning of these decisions, which apply the plain meaning of the Bankruptcy Code in giving recognition to the limited applicability of § 523(a)(3). Under the plain meaning of the Code, failure to schedule a claim only raises § 523(a)(3) issues in cases where proofs of claim are required to be filed.

Even though it may not be required, in many cases a former debtor in a Chapter 7 case moves to reopen the case, amends the schedules to add one or more creditors, and gives affected parties an appropriate opportunity to object to discharge or dischargeability. *See In re Deutsch-Sokol*, 290 B.R. 27, 29 (S.D.N.Y. 2003) (holding that the Bankruptcy Court erred in refusing to reopen a Chapter 7 no asset case to allow amendment of the schedules); *In re Candelaria*, 121 B.R. 140, 142 (E.D.N.Y. 1990) (finding that a "desire to amend 'a schedule to include an additional creditor and, thus, accurately reflect all debts owed,' generally 'constitutes sufficient cause to reopen' a no asset bankruptcy case"); *In re Spiegel, Inc.*, 2007 WL 201112, *1, *4 (Bankr. S.D.N.Y. 2007) (allowing amendment of the schedules so long as affected party is given time to respond). In this case it appears unnecessary to reopen Defendant's old Chapter 7 case for two reasons. First, Plaintiff has not cited any basis on which to object to the discharge or dischargability of the debt. Second, Plaintiff has not suggested that Defendant was at fault for failing to list it as a creditor, and there is no reason to surmise that she could have known of Plaintiff's claim against her in 1994 when she filed her

5

Chapter 7 petition.[2]  Plaintiff did not start litigating with the Homeowners Association until 1995, and the litigation apparently centered on a dispute over common charges.  *See* the decision of the Appellate Division in *Delafield Estates Homeowners Assoc., Inc. v. Delafield 246 Corp.*, 280 A.D.2d 437, 721 N.Y.S.2d 621 (1st Dept. 2001); *see also*, this Court's opinion dated April 25, 2007 at 2007 WL 1225500, at *3.

Thus, Defendant is entitled to a discharge of Plaintiff's claims as of her Chapter 7 petition date.  On the other hand, as Plaintiff correctly points out, the discharge Defendant obtained applies only to claims as of the date of the filing of her Chapter 7 petition, August 30, 1994.  11 U.S.C. § 727(b).  Thus, while the Defendant is discharged from Plaintiff's prepetition claims, she is not discharged from any of Plaintiff's claims against her that arose subsequent thereto.  As Defendant had title to the lot in question for over five years after her discharge was obtained, she *prima facie* was not discharged from any debts that accrued during that period.

Defendant nevertheless sets forth in her papers two reasons why Plaintiff should be barred from pursuing any claim against her.  These contentions are disposed of as follows.

Estoppel

Defendant first argues that Plaintiff is estopped from claiming that she owes any additional monies based on Plaintiff's alleged "judicial admission" to the contrary.  Defendant asks this Court to read ¶ 54 of Plaintiff's Complaint as a judicial admission that but for Defendant's failure to list the Plaintiff on her Schedules, the debt would have been discharged.  Paragraph 54 reads as follows:

---

[2] This assumes *arguendo* that the Debtor's state of mind is relevant, and there is persuasive authority it is not.  *In re Judd*, 78 F.3d at 116; *In re Cruz*, 254 B.R. at 810.

6

> Upon information and belief, Defendant MacFarlane subsequently [in 1995] obtained a discharge in Bankruptcy, but did not list the Debtor on her schedules as a creditor.

In support of her argument, Defendant cites *Maurizio v. Goldsmith*, 84 F. Supp. 2d 455, 464 (S.D.N.Y. 2000), for the proposition that "absent egregious circumstances, a distinct and formal admission made before, during, or even after a proceeding by an attorney acting in his professional capacity bind his client as a judicial admission." *See also Ali v. Reno*, 22 F.3d 442, 446 (2d Cir. 1994).

To be considered a judicial admission, however, a statement must be a clear and unambiguous admission of fact. *United States v. McKeon*, 738 F.2d 26, 30 (2d Cir. 1984). Paragraph 54 may contain allegations as to facts, but they do not purport to bind Plaintiff to other facts or concede that Defendant has no liability to Plaintiff with respect to the period after 1994. There is certainly no "clear and unambiguous" statement that Plaintiff is only pursing Defendant because of Defendant's failure to list Plaintiff on her schedules. There is no estoppel by admission on the record of this motion.

<u>Statute of Limitations</u>

Defendant also moves to dismiss the Complaint against her based on the six-year statute of limitations of N.Y. CPLR 213 applicable to indemnification claims. Plaintiff's response is that it is at least entitled to indemnification for taxes paid from Defendant's Chapter 7 petition date of August 30, 1994 to the date that the property was sold at foreclosure, September 9, 1999 (or, according to Plaintiff, "perhaps" April 13, 2000, when title passed to a purchaser). The record to date shows the following. As Defendant argues, the Eighth, Ninth, Tenth and Twelfth causes of action of the Complaint, seeking indemnification for taxes paid before Defendant's Chapter 7 petition date, must be

7

dismissed. The Eleventh and Thirteenth causes of action based, in part, on indemnification for taxes paid after the Chapter 7 petition date, must be dismissed with respect to the prepetition period. With respect to the Fourteenth through Eighteenth causes of action, Plaintiff's "sur-reply" asserts that the Chapter 11 petition date in the instant case in the Eastern District of New York was November 29, 2004, that the complaint in the adversary proceeding was filed on May 26, 2005, and that Plaintiff is entitled to the benefit of § 108(a) of the Bankruptcy Code.[3] Thus, according to Plaintiff, the claims that relate to six years prior to November 29, 2004 are not barred, and Plaintiff may be able to state a claim for taxes paid between November 29, 1998 and the applicable date of foreclosure.

For purposes of the statute of limitations issue, the Court only holds at this time that many of Plaintiff's claims in this adversary proceeding are clearly barred by the statute of limitations and that if Plaintiff wishes to file an amended complaint against Defendant, it may do so but only on notice to counsel for the Defendant, for the other Individual Homeowners and for the Homeowners Association. The motion to dismiss on statute of limitations grounds raises issues that affect the rights of the other Individual Homeowner defendants, who are represented by separate counsel, and although it appears that many of the claims in the Complaint filed in this adversary proceeding are barred by any applicable statute of limitations, this issue should be determined on a full record with

---

[3] Section 108(a) of the Bankruptcy Code provides:

> If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) two years after the order for relief.

8

the opportunity for the other Individual Homeowner defendants to be heard. It may also be necessary to consider the effect of the action brought in the Bronx in 1995 and removed to this Court by the Plaintiff as a case related to the Plaintiff's bankruptcy. The complaint there sets forth many of the same allegations as the Complaint in this adversary proceeding. That case is still pending in this Court under Adversary Proceeding No. 05-02263 and has been the subject of twenty stipulations between counsel for the Plaintiff and counsel for most of the defendants, extending the defendants' time to answer or to move for a remand. Defendant MacFarlane has apparently not been a party to these stipulations and the Bronx action has simply not been prosecuted against her. The Bronx action may or may not have preserved some of Plaintiff's claims, but no decision on that issue can be made at this point.[4]

In any event, it is clear that most of the claims in the Complaint as stated against Defendant MacFarlane must be dismissed. If Plaintiff determines that it can amend the Complaint against this one defendant to state claims that may not be barred by the statute of limitations, *see* Bankruptcy Rule 9011, Plaintiff has leave to file an appropriate motion within thirty (30) days of entry of an order on this decision.

## Conclusion

Defendant's no asset, no distribution bankruptcy proceeding discharges her from any debts that Plaintiff now asserts against her that predated her Chapter 7 petition date. This discharge, however, does not free her from any claims after her petition date. Nor is Plaintiff estopped from pursuing such claims by a judicial admission. The Complaint as

---

[4] It does not appear that the Plaintiff can claim that the Complaint in this adversary proceeding represents a continuation of claims made in the Bronx action, since the Bronx action has never been terminated. *See* N.Y. CPLR 205 (the savings provision). However, no finding on this issue is made in the absence of hearing from all interested parties. Furthermore, the Court makes no determination as to whether the removal of the Bronx action was timely. *See* Fed. R. Bankr. P. 9027(a).

presently stated against Defendant MacFarlane is accordingly dismissed, and Plaintiff is granted leave to move to amend the Complaint against her to state any claims that may not be barred by the statute of limitations within thirty (30) days of entry of an order on this decision.  Defendant's right to object to any such amendment or to file a further motion against any such amended Complaint on statute of limitations grounds is preserved so long as notice is given to all other parties to the adversary proceeding. Defendant's counsel may settle an order on five days' notice.

Dated: New York, New York
       August 14, 2007

                                                */s/ Allan L. Gropper*_____
                                                UNITED STATES BANKRUPTCY JUDGE